UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALBERT J. SLINEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1812 (RBW) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, a federal inmate proceeding *pro se,* brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, against the Bureau of Prisons ("BOP").  Defendant has now filed a renewed motion for summary judgment.  For the reasons stated below, the Court will grant the defendant's motion.

**Background**

Plaintiff has been incarcerated at the Federal Correctional Institution in Ray Brook, New York ("FCI Ray Brook") since January, 2002.  Complaint ("Compl.") ¶ 6.  On August 19, 2003, plaintiff sent the BOP a FOIA request that sought tape recordings of telephone calls he made to 401-944-4419 on July 5, 2003, and July 6, 2003.  Compl., Exhibit ("Ex.") 1.  By a letter dated September 15, 2003, the BOP informed plaintiff that the conversations had been preserved, but that plaintiff was required to submit a waiver under the Privacy Act from the other party to the telephone conversations before the BOP would process his request.  Defendant's Motion for

1

Summary Judgment ("Def.'s Mot."), Declaration of James A. Vogel, Jr. ("Vogel Decl."), Ex. 3. On September 19, 2003, plaintiff sent a letter to the BOP appealing the "no response/delay" to his FOIA request. *Id.*, Ex. 4. In a letter dated October 24, 2003, the BOP again informed plaintiff that his request would not be processed without a Privacy Act waiver. *Id.*, Ex. 5.

On October 6, 2003, plaintiff filed another FOIA request with the BOP. *Id.*, Ex. 6. In this submission, the plaintiff requested copies of the telephone calls he made to the telephone number 401-438-6157 on May 8, 2003 and June 17, 2003, and an October 4, 2003 conversation made to telephone number 401-946-6013. *Id.* On November 5, 2003, plaintiff appealed the BOP's failure to respond to his October 6, 2003 request. *Id.*, Ex. 7. Plaintiff was then again advised by the BOP on November 24, 2003, that his first request would not be processed until the agency received a Privacy Act waiver from the other party to the telephone conversation. *Id.*, Ex. 8.

On April 11, 2004, plaintiff sent another letter to the BOP regarding the July 5, 2003 and July 6, 2003 telephone conversations. *Id.*, Ex. 10. Plaintiff stated that he could not produce the required Privacy Act waivers because he could not locate the other individuals who were parties to those telephone conversations. *Id.* Plaintiff proposed that the BOP provide him with transcripts of the conversations, with any identifying information regarding the other party deleted. *Id.* In response, on April 28, 2004, the BOP informed plaintiff that the agency lacked the capability to transcribe telephone calls, but could produce the words he spoke during the conversations. *Id.*, Ex. 11.

On May 25, 2004, plaintiff requested that the BOP provide him with his spoken portions of the July 5, 2003, July 6, 2003, and October 4, 2003 telephone conversations. *Id.*, Ex. 12. On

June 7, 2004, plaintiff sent another letter to the BOP regarding the May 8, 2003 and June 17, 2003 telephone conversations. *Id.*, Ex. 13.  Plaintiff stated that he had been informed that a Privacy Act waiver had been sent to the BOP by the other party to those two telephone conversations. *Id.*  Plaintiff also requested that the BOP provide him with the status of the processing of his FOIA request for these two conversations.  *Id.*

On July 2, 2004, the BOP informed plaintiff that the period for retaining the requested information had expired and that the May 8, 2003 and June 17, 2003 conversations were no longer available.  *Id.*, Ex. 14.  According to the BOP, it only maintains taped telephone conversations for approximately 180 days.  *Id.*   On July 22, 2004, the BOP advised plaintiff that the remaining telephone tapes were being processed.  *Id.*, Ex. 16.   Plaintiff filed the complaint in this action on October 20, 2004.

On April 11, 2005, this Court issued a ruling on defendant's initial motion for summary judgment.  The Court denied summary judgment on the exhaustion of administrative remedies issue in regards to recordings of the July 5, 2003, July 6, 2003, and October 4, 2003 telephone conversations because the agency had failed to notify plaintiff of the required processing fee.  In addition, the Court granted summary judgment to the BOP on the issue regarding the adequacy of the defendant's records search and on its disposition of the request for production of the May 8, 2003 and June 17, 2003 telephone conversations.

In processing plaintiff's request for production of the three telephone conversations that remain at issue, the BOP estimated that duplication of the calls would take approximately one and a half hours. Def.'s Mot., Declaration of Ron Hill ("Hill Decl."), ¶ 3.  On April 11, 2005, the BOP sent a letter to plaintiff stating that the estimated processing cost was $60.00.  *Id.*,

Attachment.  Plaintiff was advised by the BOP that once he agreed to pay the fee, the tapes would be processed and he would be advised of the actual fee he would have to pay.  *Id.*

Defendant filed its renewed motion for summary judgment on May 2, 2005.  By letter dated May 6, 2005, plaintiff stated that he agreed to pay the $60 processing fee "in monthly payments of 20% of my inmate account."  Plaintiff's Response to Defendant's Renewed Motion for Summary Judgment ("Pl.'s Resp."), Ex. B.  On May 24, 2005, the BOP informed plaintiff that it would not accept his offer to make monthly payments because it "does not have the ability to take the payment for you as suggested, nor can it monitor the amounts paid by installment."  Federal Defendant's Reply to Plaintiff's Opposition to Federal Defendant's Renewed Motion for Summary Judgment (Def.'s Reply"), Ex. 17.   The BOP also reiterated that it would not further process plaintiff's request until he agreed to pay the estimated fee in full.  *Id.*

**Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P.  56 (c) .  Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable

inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).  The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248.  And the non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

      The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment.  The party opposing the motion must show that there is a genuine issue of *material* fact.  *See Anderson*, 477 U.S. at 247-48.  To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party.  *See id.; Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

      FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F.Supp. 477, 481 n. 13  (D.D.C. 1980).  In a FOIA case, the court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820,

826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). However, agency affidavits or declarations must be "relatively detailed and non-conclusory . . ." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

**Discussion**

Defendant contends that plaintiff has failed to exhaust his administrative remedies regarding the July 5, 2003, July 6, 2003, and October 4, 2003 telephone conversations. A party must exhaust the available administrative remedies under the FOIA prior to seeking relief in federal court. *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); *Nurse v. Sec'y of Air Force*, 231 F.Supp.2d 323, 327 (D.D.C. 2002). The FOIA's exhaustion requirement, however, is not jurisdictional. *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003). Failure to exhaust only precludes judicial review if "the purposes of exhaustion" and the "particular administrative scheme" support such a bar. *Id.* at 1258-59 (quoting *Oglesby*, 920 F.2d at 61). The FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review. *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004); *Hidalgo*, 344 F.3d at 1259.

Defendant claims plaintiff has not complied with the exhaustion requirement because he has not provided payment for processing his telephone records or requested a fee waiver from the agency. Generally, requesters must pay reasonable charges associated with processing their FOIA requests. *Judicial Watch, Inc. v. Rossotti*, 326 F.2d 1309, 1310 (D.C. Cir. 2003); *see also* 5 U.S.C. § 552(a). Agencies, however, are required to waive fees if a requester demonstrates that "disclosure of the information is in the public interest." 5 U.S.C. § 552(a)(4)(A)(iii).

Failure to pay the requested fees or to appeal the denial from a refusal to waive fees constitutes a failure to exhaust administrative remedies. *Oglesby*, 920 F.2d at 66; *Judicial*

*Watch, Inc.*, 190 F.Supp.2d at 33.  Moreover, judicial review of an agency's denial of a fee waiver request cannot be sought until a plaintiff appeals that decision or pays the assessed fee. *Judicial Watch, Inc.*, 326 F.3d at 1310; *Trulock v. U.S. Dep't of Justice*, 257 F.Supp.2d 48, 52 (D.D.C. 2003).

It is undisputed that plaintiff has not paid the processing fee or appealed the BOP's decision  rejecting his "installment" plan.  There is no authority in the statute or caselaw supporting plaintiff's proposition that his agreement to allow the agency to withdraw monthly partial payments from his prison account constitutes an agreement to pay the total fee.  *See* 28 C.F.R. 16.11 (e)(2001)(FOIA request will not be processed until requestor agrees to pay anticipated total fee).  Since plaintiff has failed to exhaust his administrative remedies regarding the fee processing issue, the case is subject to dismissal.

## Conclusion

Based on plaintiff's failure to exhaust his administrative remedies, summary judgment will be granted and the case dismissed without prejudice.  An appropriate order accompanies this Memorandum Opinion.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　REGGIE B. WALTON
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

DATE: September 28, 2005